UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JHONATAN MONDRAGON, *et al.*,

                Plaintiffs,

    - against -

BIZ2CREDIT, INC., *et al.*,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3394 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

      On August 7, 2020, Plaintiff Jhonatan Mondragon sued Defendants from various banks and the Federal Government. (*See* Dkt. 1.) Although the Complaint also listed other Plaintiffs, the Court noted that "multiple purported Plaintiffs ha[d] not signed the Complaint, and [could] not be represented by the *pro se* Plaintiffs who ha[d]" signed. (Dkt. 11, at 2.)

      On August 26, 2020, Plaintiffs filed an Amended Complaint, which also was not signed by all Plaintiffs listed. (*See* Dkt. 16.) The Court directed Plaintiffs to file a Second Amended Complaint, "signed by all Plaintiffs," by December 16, 2020. (11/16/2020 Scheduling Order.) Plaintiffs failed to file a Second Amended Complaint by the deadline, and the Court *sua sponte* extended the deadline to January 18, 2021, warning that "this case will be dismissed for failure to prosecute" if Plaintiffs did not meet the extended deadline. (12/21/2020 Docket Order (emphasis omitted).)

      Plaintiffs filed a motion to extend the January 18, 2021 deadline, which the Court granted, giving Plaintiffs until February 9, 2021 to file a Second Amended Complaint. (1/25/2021 Docket Order.) Plaintiffs failed to file a Second Amended Complaint by the extended deadline, and the Court *sua sponte* granted a final extension to March 16, 2021, again warning that failure to meet

the deadline would result in "dismiss[al] [of the] case for failure to prosecute." (3/1/2021 Docket Order (emphasis omitted).)

On March 25, 2021, the Court received a Second Amended Complaint (the "SAC") that still was not signed by all Plaintiffs listed. (*See* Dkt. 25.) The Court ordered Plaintiffs to "file a version of the Second Amended Complaint signed by all Plaintiffs by April 28, 2021," and to "file proof of service by May 28, 2021." (*See* Dkt. 27, at 2 (emphasis omitted).) Plaintiffs failed to meet this deadline, and the Court dismissed those Plaintiffs who had not signed the SAC. (5/10/2021 Docket Order.) The remaining Plaintiffs failed to file proof of service by the May 28, 2021 deadline. The Court *sua sponte* extended the deadline to file proof of service to June 17, 2021. (6/2/2021 Docket Order.)

On June 17, 2021, Plaintiff Mondragon filed a proposed new complaint requesting a temporary restraining order on behalf of himself and four people who are not Plaintiffs in the present matter. (*See* Dkt. 36; Dkt. 42 (Temporary Restraining Order & Preliminary Injunction Request).) This purported complaint also raised new allegations arising from circumstances different from those alleged in the SAC. (*See generally* Dkt. 36.)[1] Plaintiffs thus failed to comply with the Court's order to file proof of service of the SAC.

Given Plaintiff's failure to comply with its numerous orders, the Court scheduled a telephone conference for July 8, 2021, at which, the Court notified the parties, it would "hear from Plaintiff Mondragon as to why the present matter should not be dismissed" and "as to why the [proposed new complaint] should not be docketed as a separate matter." (7/1/2021 Scheduling

---

[1] Along with the new complaint, Plaintiff Mondragon filed documents indicating that the new complaint purportedly had been served on the Bank Defendants named in the new complaint. (Dkt. 36, at ECF 1 (referring to "documents served to the 'Bank Defendants'").) Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Order.) Neither Plaintiff Mondragon nor any other Plaintiff (from either the SAC or the proposed new complaint) appeared for the July 8, 2021 telephone conference.

Given Plaintiffs' failure to comply with the Court's orders and otherwise timely prosecute this case, the Court dismisses the present matter, including the SAC. The case is dismissed without prejudice except as to Defendants Funding Circle Limited, which, according to Plaintiff Mondragon, "was not the proper defendant" (Dkt. 36, at ECF 2); Bank of America, N.A., as to which the SAC makes allegations relating only to Plaintiff Malvacedo, who has been dismissed (Dkt. 25, ¶¶ 21, 89); and JPMorgan Chase Bank, N.A., as to which the SAC makes allegations with respect to only Plaintiff Molina, who also has been dismissed (*id.* ¶¶ 20, 130).[2] The case is therefore dismissed with prejudice as to those three Defendants.[3] The Clerk of Court is respectfully directed to enter judgment accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 12, 2021
       Brooklyn, New York

---

[2] Further, as to Defendants Bank of America, N.A. and JPMorgan Chase Bank, N.A. (which the SAC names as "Bank of America" and "Chase"), the SAC alleges only that (dismissed) Plaintiffs Malvacedo and Molina were assessed fees by the two banks with respect to Malvacedo's and Molina's accounts, and not that the two banks had any involvement in awarding or administering Paycheck Protection Program loans. (Dkt. 25, ¶¶ 89, 130.)

[3] The Court notes that although its June 2, 2021 Order warned only that Plaintiffs' claims against the Bank Defendants might be dismissed (*see* 6/2/2021 Docket Order), the Court's July 1, 2021 Scheduling Order notified Plaintiffs of the possibility that the "present matter" might be "dismissed for failure to file proof of service of the [SAC]" (7/1/2021 Scheduling Order).